

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2009

# USA v. Kevin Keffer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1567

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kevin Keffer" (2009). *2009 Decisions.* Paper 1775.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1775

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No.08-1567

_____

UNITED STATES OF AMERICA

v.

KEVIN KEFFER,
Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00173-30)
District Judge: Honorable Yvette Kane

————

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2009

Before: SLOVITER and HARDIMAN, Circuit Judges, and
POLLAK[*], District  Judge

(Filed:  March 5, 2009)

____

OPINION

————

[*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

**I.**

This appeal arises out of appellant Kevin Keffer's participation in co-defendant Rodney Hutchinson's drug organization. Keffer acted as a courier for Hutchinson. On at least nine occasions, Keffer (along with others) transported large quantities of marijuana from Hutchinson's source in Arizona (co-defendant Abraham Perez) to the Harrisburg area. Keffer also transported money on at least two occasions.

Following a federal investigation of the Hutchinson organization, Keffer was indicted for conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana (Count I), conspiracy to commit money laundering (Count II), and criminal forfeiture (Count XI). In May 2007, Keffer entered a guilty plea to Count II and agreed to the forfeiture count in exchange for dismissal of Count I.

At sentencing, Keffer raised several objections to the probation office's calculation of the Guidelines sentencing range. As relevant here, Keffer was assigned two points for a conviction under Pennsylvania law for possession of a small amount of marijuana and drug paraphernalia and three points for a conviction under Pennsylvania law for possession with intent to distribute marijuana. Thus, under the Guidelines, Keffer's criminal history category was III.

Keffer argued that category III substantially overstated his criminal history because "that category is normally reserved for individuals with much more of a criminal

background than Mr. Keffer" and therefore asked the District Court to depart downward pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.3(b). App. at 106. The District Court declined to do so and stated that "the probation office has properly calculated [Keffer's] criminal history." App. at 106. However, the District Court also stated that it would "consider [Keffer's] background and the big picture of the case and how he got to be a category three" when imposing Keffer's ultimate sentence.

The District Court then determined that Keffer had an offense level of 31 and a criminal history category of III, which resulted in a Guidelines sentencing range of 135 to 168 months imprisonment. After it heard argument from the parties and reviewed Keffer's work history, criminal record, role in the offense and culpability compared to his co-conspirators, the District Court sentenced Keffer to 144 months imprisonment. According to the District Court, this sentence was necessary "to properly punish, deter, and promote respect for the law and . . . to avoid unwanted sentencing disparities." App. at 110.[1]

**II.**

Keffer contends that the District Court abused its discretion by failing to consider his request for a downward departure pursuant to U.S.S.G. § 4A1.3(b). Keffer suggests that the District Court failed to recognize that it had discretion to impose a sentence

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

outside the Guidelines range. We reject both contentions.

The record makes clear that the District Court considered Keffer's request for a downward departure under U.S.S.G. § 4A1.3(b). After hearing argument from Keffer on this request, the District Court held that "the probation office has properly calculated [Keffer's] criminal history" and that "[Keffer] is, in fact, a category three offender." App. at 106. To the extent that Keffer contends that the District Court understood that it had discretion to grant the requested departure but erroneously refused to do so, we lack jurisdiction to review the District Court's refusal to exercise its discretion. United States v. Cooper, 437 F.3d 324, 332-33 (3d Cir. 2006).

Similarly, the record makes clear that the District Court understood that it had discretion to impose a sentence outside the Guidelines range. In response to Keffer's argument that his Guidelines range overstated the seriousness of his criminal history, the District Court noted that it "certainly [would] consider [Keffer's] background and the big picture of the case and how he got to be a category three [offender]" in its imposition of Keffer's sentence. App. at 106. Moreover, the District Court noted that the Guidelines "are only advisory," App. at 106, and subsequently heard argument from the parties regarding an appropriate sentence under 18 U.S.C. § 3553(a)'s sentencing factors.

In sum, the District Court clearly considered Keffer's requested departure and understood that it had the discretion to grant that departure and/or impose a sentence outside the Guidelines range. Moreover, we cannot conclude that Keffer's ultimate

4

sentence was unreasonable under an abuse of discretion standard. As noted above, the District Court considered Keffer's work history, criminal record, role in the offense, and culpability compared with his co-conspirators, and reasonably concluded that a within-Guidelines sentence of 144 months imprisonment was necessary to punish Keffer, deter similar offenders, promote respect for the law, and avoid unwarranted sentencing disparities between Keffer and his co-conspirators.

## III.

For the above-stated reasons, we will affirm the judgment sentence.